**Evelyn ROMO, Plaintiff—Appellant,**

v.

**SPRINGS WINDOW FASHIONS DIVISION, INC., Defendant— Appellee.**

No. 06–15056.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 7, 2007.

Filed Jan. 17, 2008.

Ian E. Silverberg, Esq., Reno, NV, for Plaintiff–Appellant.

Patrick H. Hicks, Littler Mendelson, PC, Las Vegas, NV, Suellen Fulstone, Esq., Karyn M. Taylor, Esq., Littler Mendelson, Reno, NV, for Defendant–Appellee.

Before: FARRIS, BEEZER, and THOMAS, Circuit Judges.

## MEMORANDUM *

Evelyn Romo appeals from the district court's order granting summary judgment in favor of Springs Window Fashions, in her action alleging violations of 42 U.S.C. § 2000e–2 ("Title VII") and 42 U.S.C. § 1981. Romo alleges that Springs subjected her to unlawful disparate treatment by denying her two job promotions on the basis of her Hispanic national origin. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Cornwell v. Electra Cent. Credit Union,* 439 F.3d 1018, 1027, n. 4 (9th Cir.2006), and we affirm.

Springs sought summary judgment on the ground that Romo failed to make a prima facie case of discrimination for either promotion under *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). In the alternative, Springs contended that even if Romo made a prima facie case, she failed to raise a genuine issue of material fact as to whether Springs' proffered reason for not promoting her was a pretext for a discriminatory motive. *See id.* at 804, 93 S.Ct. 1817. The district court found that Romo failed to establish a prima facie case of discrimination for the group lead II promotion, but did make a prima facie showing for the materials coordinator promotion. The district court found no evidence that Springs' justification for not promoting Romo to the materials coordinator job was a pretext for discrimination, and granted summary judgment for Springs.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

## I

Romo has failed to show that she was qualified for the group lead II position and therefore has not made a prima facie case of national origin discrimination. *See St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 506, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993). Romo did not possess the qualifications set forth in the job advertisement. The district court did not err in granting summary judgment on this claim.

## II

We may affirm a district court's grant of summary judgment on any ground supported by the record. *Orsay v. U.S. Dep't of Justice,* 289 F.3d 1125, 1132 (9th Cir.2002). Even if Romo made a prima facie case for the materials coordinator promotion, the record contains nothing that raises a genuine issue of material fact as to whether Springs' nondiscriminatory reason for not promoting her (another employee's superior qualifications) was pretextual. *See Dominguez–Curry v. Nevada Transp. Dep't,* 424 F.3d 1027, 1037 (9th Cir.2005). There is no nexus between alleged discriminatory comments by a supervisor and the materials coordinator promotion. *See Vasquez v. County of Los Angeles,* 349 F.3d 634, 640 (9th Cir.2004).

The analysis under 42 U.S.C. § 1981 is the same as that for disparate treatment under Title VII. *See Fonseca v. Sysco Food Servs. of Ariz.,* 374 F.3d 840, 850 (9th Cir.2004). Romo's § 1981 claim also fails.

**AFFIRMED.**